UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVERGREEN FARMS & PRODUCE, LLC,

            Plaintiff,

v.                         Case No. 8:15-cv-1921-T-33TGW

G & S MELONS, LLC and JOHN GLEN
GRIZZAFFE,

            Defendants.
_____/

## ORDER

This cause is before the Court pursuant to Plaintiff Evergreen Farms & Produce, LLC's Motion for Default Judgment Against Defendants (Doc. # 18), which was filed on January 4, 2016. The Court grants the Motion as articulated below.

## I.   Background

On August 18, 2015, Evergreen Farms filed an action against G & S Melons and Grizzaffe under Section 5 of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499e(c) in the amount of $30,633.72. (Doc. # 1). Evergreen Farms alleges that it supplied the Defendants with wholesale quantities of produce, which had been moved in interstate commerce, that Defendants failed to pay for the produce and have not otherwise disputed the debt. (Id. at ¶¶ 6-9).

On November 10, 2015, the Florida Department of State, Division of Corporations, accepted service on behalf of Defendants, after being served with an alias summons and a

copy of the Complaint.  On December 2, 2015, Evergreen Farms filed an Affidavit of Compliance under Florida Statute Section 48.161. (Doc. # 11). Defendants failed to file a responsive pleading to the Complaint.  On December 9, 2015, Evergreen Farms applied to the Clerk for entry of Default as to each Defendant. (Doc. # 13).  The Clerk entered a default against each Defendant pursuant to Rule 55(a), Fed.R.Civ.P., on December 15, 2015. (Doc. ## 14, 15). At this juncture, Evergreen Farms seeks entry of a Final Default Judgment encompassing the principal amount of $30,633.72 plus prejudgment interest as well as costs in the amount of $620.00.  Evergreen Farms is not seeking the payment of attorney's fees.

## II.  **Default**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entering a Default.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2).

2

<u>DirecTV, Inc. v. Griffin</u>, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. <u>See Tyco Fire & Sec. LLC v. Alcocer</u>, 218 F. App'x 860, 863 (11th Cir. 2007)(citing <u>Nishimatsu Constr. Co. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. <u>Id.</u> A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. <u>Id.</u>

## III. **The Perishable Agricultural Commodities Act**

In <u>Red's Market v. Cape Canaveral Cruise Line, Inc.</u>, 181 F. Supp. 2d 1339, 1341-42 (M.D. Fla. 2002), a case finding the individual principals of a cruise ship liable for non-payment with respect to produce under PACA, the court explained:

> Congress enacted PACA in 1930 to regulate trading in perishable agricultural products with the intent of preventing unfair business practices and promoting financial responsibility in the fresh fruit and produce industry. To this end, PACA requires that dealers make prompt and full payment for their produce purchases. In 1984, troubled by the practices of some dealers, Congress amended the Act, adding section 499e(c)(2), which provides additional protection for the sellers of fruits and vegetables. Under this provision, the agricultural

3

> commodities, products derived from the produce, and proceeds from the sale of such items are subject to a statutory trust for the benefit of the seller until full payment is made to the seller by the dealer.

Id. (internal citations omitted). The court also emphasized that "by enacting section 499e(c)(2), Congress intended that PACA trusts remain in effect until full payment is made by the purchaser of agricultural commodities." Id. at 1342.

As to the issue of individual liability for corporate officers, such as Grizzaffe (the president and owner of G & S Melons), the Red's Market court noted that "those who are in a position to control PACA trust assets, and who breach their duty to preserve those assets, may be held personally liable under the act." Id. at 1344 (citing Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1997)).  The court also explained that "it is appropriate to impose personal liability on shareholders, officers, and directors of corporate buyers who are in a position to control PACA trust assets and fail to maintain the assets." Id. (citing Golman-Hayden Co. v. Fresh Source Produce, Inc., 217 F.3d 348, 350 (5th Cir. 2000)). Additionally, "a shareholder who was in a position to protect trust assets but failed to do so would be personally liable for the unpaid debt for produce" regardless of whether the failure was intentional or whether the individual was an

4

otherwise responsible corporate officer.  Id. (citing Morris
Okun, Inc. v. Harry Zimmerman, Inc., 814 F. Supp. 346
(S.D.N.Y. 1993)).

## IV. Default Judgment Analysis

Evergreen Farms moves for the entry of default judgment
as to G & S Melons and Grizzaffe and indicates that Grizzaffe
is not an infant, an incompetent person, or in the military
service of the United States. (Doc. # 18 at 2).  Evergreen
Farms has supported the Motion for Default Judgment with the
declaration of its proprietor, Kenneth R. Davis, Sr., the
declaration of its counsel, Craig A. Stokes, Esq., numerous
invoices supporting its claim, as well as other relevant
documents.

Based upon the Clerk's entry of default, the well-pleaded
factual allegations contained in the Complaint, the
declarations and the supporting documentation, the Court
determines that a default judgment is warranted.  Defendants
are liable for the balance of $30,633.72, plus costs in the
amount of $620.00.  However, Evergreen Farms has not supplied
the Court with a basis for awarding prejudgment interest.  In
Country Best v. Christopher Ranch, LLC, 361 F.3d 629, 632
(11th Cir. 2004), the court noted that PACA "unambiguously
encompasses not only the price of the commodities but also

additional related expenses, [which] include attorneys fees and interest <u>that buyers and sellers have bargained for in their contracts</u>." (Emphasis added). Evergreen Farms has not pointed to any language contained in an invoice or other contract regarding an award of prejudgment interest.  In addition, even if the Court were inclined to award prejudgment interest, the Court notes that Evergreen Farms requests "[p]re-judgment interest to be assessed to the principal amount of $30,633.72 from the date the load sheets became due at a rate left to the sound discretion of the Court." (Doc. # 18 at 3).  Counsel has not provided any analysis or helpful information regarding "the date the load sheets became due" and there are numerous load sheets, invoices, and other forms in the Court file.  Because counsel has supplied insufficient analysis and information with respect to prejudgment interest, the request for prejudgment interest is denied.

The Court directs the Clerk to enter a final default judgment against Defendants in the amount of $31,253.72. After entry of the final judgment, the Clerk shall close this case.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Evergreen Farms & Produce, LLC's Motion for

Default Judgment against Defendants (Doc. # 18) is **GRANTED** consistent with the foregoing.

(2)    The Clerk is directed to enter judgment in favor of Evergreen Farms & Produce, LLC and against G & S Melons, LLC and John Grizzaffe in the amount of $31,253.72.

(3)    The Clerk shall thereafter **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>7th</u> day of January, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

7